The Honorable James Dietz State Representative 5301 Warden Road North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion concerning the assessment of documentary fees by automobile dealers who prepare registration documents for their customers. You state that during the course of transacting a sale, dealers often take on the responsibility of preparing these registration documents, which may include making application for the title, collecting the sales tax, registering the vehicle at the Revenue Office, preparing the buyer's guides, EPA forms, odometer statements, bills of sale, retail buyer's order, power of attorney, manufacturer's certificate of origin (mco), and other factory-required forms. Additionally, if the sale involves credit, the dealer may prepare a credit application, credit life application, documents of finance or other forms. You note that "many states allow the assessment of a documentary fee," which is usually charged on a transaction basis, regardless of whether the sale is for cash or on credit. You also note that while some states authorize the charge and may or may not set an assessment limit, other states, apparently Arkansas included, have no laws either authorizing or prohibiting documentary charges. You have posed the following questions:
 1. Is there any provision in Arkansas law that would in any way prevent or limit a documentary fee?
 2. If the fee is assessed on both cash and credit sales, could it be construed as being usurious?
 3. If a documentary fee were charged, what would be the responsibility for disclosure and/or fee justification?
It is my opinion that the answer to your first question is "no." There presently appears to be no provision in Arkansas law that would either prevent or limit such a documentary fee. But see response to Q. 2, infra (regarding usury limitations).
With regard to the general issue of automobile registration requirements, Arkansas Code of 1987 Annotated 27-14-906 (Cum. Supp. 1991) states:
 (a) The commissioner is authorized to permit lienholders and motor vehicle dealers to make applications for registration and certificates of title and to furnish them to the office on behalf of the purchaser of a new or used motor vehicle.
 (b) The commissioner shall promulgate reasonable rules and regulations to be complied with by motor vehicle dealers and lienholders in making application for registration and certificates of title on behalf of purchasers of new or used motor vehicles and may, if he deems it necessary, require the dealer or lienholder to post bond to ensure faithful compliance with such rules and regulations. (c)(1) Any motor vehicle dealer or lienholder who has been authorized by the commissioner to prepare applications for registration and certificates of title with respect to new or used motor vehicles shall transmit them to the commissioner and shall attach thereto a copy of any conditional sales contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon the motor vehicle.
Thus, while automobile dealers are apparently authorized to register vehicles on behalf of their customers, there appears to be no similar provision which addresses whether dealers may require their customers to pay an additional charge for this service. The rules and regulations of the Motor Vehicle Commission also contain neither specific nor general limitations on such charges by automobile dealers.
With regard to your second question, it is my opinion that if such a documentary fee were assessed, even on both cash and credit sales, it could, in certain instances, be considered usurious.
Amendment 60 to Article 19, 13 of the Arkansas Constitution provides that the maximum legal rate of interest which may be charged is five percent (5%) above the federal discount rate. The Arkansas Supreme Court discussed the issue of whether a "commitment fee" charged on a real estate loan could be considered as additional usurious interest on the loan in Henslee v. Madison Guar. Sav. Loan Ass'n., 297 Ark. 183, 760 S.W.2d 842
(1989). The court relied upon Arkansas Savings and Loan Association v. Mack Trucks of Arkansas, 263 Ark. 264,566 S.W.2d 128 (1978) for the two principles which determine when additional charges, namely, a service charge/commitment fee, constitute interest. The first principle was that any profit extracted by the lender which depended upon a contingency not within the control of the debtor constituted interest. The second principle stated that the moneylender could not impose upon the borrower charges that in fact constitute the lender's overhead expenses or costs of doing business or else such charges were deemed to be interest. The Henslee court went on to hold that commitment fees constituted a discount, i.e., the taking of interest in advance. The commitment fee amounted to interest because it was nothing more than the lender's overhead or cost of doing business, which the lender could not pass on to the borrower. Because the fee was interest, and because that interest when added to the interest on the loan exceeded the maximum allowable under law, the loan was usurious.
Based upon the principles set forth in Henslee, in my opinion it would appear that documentary fees such as those suggested in your letter, which are in fact a part of the automobile dealer's cost of doing business, might be treated by a court as interest if charged to the borrower. As such, there exists the possibility that such fees might run afoul of the constitutional prohibition against usurious rates of interest.
Preparation of at least some of the documents mentioned in your letter appears to be required by federal and/or state law; others are required by the nature of the automobile business. As such, rather than a special service to customers, preparation of the documents might be construed as performance of a legally required obligation. If so, it might be that a court would deem such document preparation as simply overhead or a cost of doing business.
Of course, there remains the possibility that, under the right set of circumstances, such a fee might properly be charged without constituting interest. I cannot, however, within the context of this opinion anticipate each such circumstance. The particular fee being charged, its amount and the terms associated with it would all have to be taken into consideration in any determination as to whether the particular transaction would be deemed usurious.
The general nature of your third question precludes a comprehensive response. Our research has disclosed no across-the-board disclosure requirement, unlike that appearing, for example, in Texas law. See Texas Civil Statutes, Art. 5069-6.10. Consideration should be given, however, to Regulation 11.A of the Rules and Regulations of the Arkansas Motor Vehicle Commission, which requires that "the suggested retail price of a new motor vehicle when advertised by any licensee . . . include all charges. . . ." Reference should be made as well to that provision of the Consumer Protection Act which states:
 The act, use, or employment by any person of any deception, fraud, or false pretense, or the concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission, in connection with the sale or advertisement of any goods or services is declared to be an unlawful practice.
A.C.A. 4-88-108 (Repl. 1991).
Thus, while there may be some basis for requiring disclosure of a documentary fee which is charged, whether a particular disclosure should be made must be determined on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh